UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED
DEC 0 2 2002
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

JORDAN BLAIR, )
)
Plaintiff, )
)
v. ) Case No. 1:02-CV-88 CAS
)
BOB WILLS, AKA BOBBY RAY WILLS, )
AKA W. B. WILLS, BETTY SUE WILLS, )
SAM GERHARDT, DEBORAH GERHARDT, )
BO GERHARDT, JULIE GERHARDT, )
DREW PARRISH, BILL CAVITT, ROBERT )
O'BRIENT, AARON SMITH, ROBERT )
KENNEDY and MIKE PARDOS, DBA )
"MOUNTAIN PARK BOARDING )
ACADEMY," and PALM LANE BAPTIST )
CHURCH, INC.,[1] )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on several pretrial motions, including a motion for a preliminary injunction, and a request in plaintiff's Amended Complaint for certification of a class. Jordan Blair, born November 17, 1984, commenced this action on July 2, 2002. The gravamen of the complaint is the alleged mistreatment Blair received at two related boarding schools to which he was sent after being adjudicated a juvenile delinquent by the Juvenile Division of the Circuit Court of Crawford County, Arkansas. On September 26, 2002, Blair filed a motion for the appointment of Susanne Blicharz as his next friend and an amended complaint "by his next friend Susanne Blicharz." Blair asserts in the amended complaint that the Court has subject matter jurisdiction under

---

[1] The Missouri Association of Christian Child-Care Agencies, Inc., was named as a defendant in the initial complaint, but not in the first amended complaint. As noted in the body of this Memorandum and Order, plaintiff has consented to the granting of summary judgment to this party.

#47

42 U.S.C. §§ 1983, 1985, and 1988, and under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. He also asserts diversity jurisdiction under 28 U.S.C. § 1332, as he is a citizen of Arkansas, and no defendants share this citizenship, and supplemental jurisdiction over his state tort claims of battery and false imprisonment.

The record establishes that on October 24, 2001, the Juvenile Division of the Circuit Court of Crawford County ordered Blair, as a condition of probation, to "successfully complete in-patient/residential treatment at Baptist Boys Academy in Missouri (or like facility). Said Juvenile is hereby ordered to comply with all rules and regulations set by said faculty during said placement period and follow all after-care recommendations made by said facility upon discharge." Blair was immediately transported by a sheriff's deputy to Palm Lane Boarding Academy in Florida. On November 9, 2001, he transferred to Mountain Park Boarding Academy in Missouri, where he remained until March 15, 2002, when he "escaped."[2] Blair alleges that the Palm Lane Baptist Church, Inc., and the Wills and Gerhardt defendants own and/or operate both schools. The other individual defendants (Parrish, Cavitt, O'Brient, Smith, and Kennedy) are staff members at one or both of the schools.

Blair alleges that he and the approximately 200 other students at the schools were physically and emotionally abused on a regular basis, pursuant to defendants' policies. He alleges that he and the other students were, among other things, denied reasonable bathroom privileges resulting in boys urinating and defecating in their clothing and sustaining urinary tract infections; subjected to systematic sleep deprivation; forced to take part in born again Christian religious services;

---

[2] It is not entirely clear from the record which school Blair attended first. In the amended complaint he states that he was taken from the Arkansas court to the school in Florida and remained there through November 9, 2001; in his response (Doc. 19) to defendants' motions to dismiss for lack of personal jurisdiction, he states that he was at Mountain Park Boarding School during that period of time.

2

encouraged to assault and torment other students; and forced to work without pay in defendants' profit-making cattle operation. He also alleges that all of the students' mail and telephone calls were censored for any complaints about their treatment.

Blair claims that these actions constituted (1) a conspiracy to deprive him and the other students of their constitutional rights, including the right to counsel and appellate review, the right not to be subjected to cruel and unusual punishment, and the rights guaranteed by the First Amendment, all in violation of 42 U.S.C. §§ 1983 and 1985 (Counts 1- 4); a violation of FLSA by failing to pay Blair and the other students minimum wage and overtime for work they were forced to do (Count 5); and the state law torts of battery and false imprisonment (Count 6). Blair seeks to have the other students at the schools (or on escape status) certified as a class. He alleges that his treatment at the schools have caused him lasting psychological problems and he seeks compensatory damages of $1,250,000, as well as injunctive relief enjoining defendants from engaging in the challenged practices. Blair cites two cases involving abuses at similar schools run by defendant Bob Wills, Candy H. v. Redemption Ranch, Inc. 563 F. Supp 505 (D. Ala. 1983),[3] and In re M. I., a Minor, 519 So. 2d 433 (Miss. 1988).[4]

---

[3] An action claiming civil rights conspiracy, false imprisonment, assault, and battery, brought by unwed pregnant girls sent to a home for girls operated by Bob Wills where strict rules were enforced by corporal punishment.

[4] Affirmance of adjudication of Bob Wills to be in contempt of court for failing to comply with injunctions precluding the removal of minors from a residential facility he operated, and ordering him to provide a list of the minors residing there with documentation that they were being lawfully held.

Motions to Dismiss for Lack of Subject Matter Jurisdiction

Two different groups of defendants have filed separate motions to dismiss this action for lack of subject matter jurisdiction (Docs. 19 and 27). They argue that Blair has not set forth any state action, and hence this Court lacks subject matter jurisdiction over Blair's claims under 42 U.S.C. § 1983. Attached to one of the motions is the affidavit, dated September 25, 2002, of defendant Sam Gerhardt, superintendent of the Mountain Park Baptist Academy in Missouri. He attests that the school accepts no government funds or referrals. Rather, the school, whose aim is "the salvation and Christian education" of its students, accepts students only upon the application of parents accompanied by the payment of fees and tuition. At the request of parents, the school will send reports to government agencies including the courts. The affidavit also states that because Blair "violated our trust, and because of his age, he is not eligible for readmission to Mountain Park Baptist Academy." Also attached to the motion is a copy of Blair's parents' enrollment of Blair into the Academy, dated October 20, 2001.

The Court first notes that defendants' arguments go to whether Blair states a claim under § 1983 and not to the question of subject matter jurisdiction. The Court will therefore construe the motions, at least in part, as motions to dismiss for failure to state a claim. The Court agrees with defendants that Blair has not shown state action, as required for a suit against them under § 1983. See Adams v. Boy Scouts of Am.-Chickasaw Council, 271 F.3d 769, 777-78 (8th Cir. 2001) (a showing of state action is required to state a claim under § 1983). Where the state "has so far insinuated itself into a position of interdependence with a private party" or where there is a "sufficiently close nexus between the state and the challenged action," the state must be recognized as a joint participant in the challenged activity which therefore cannot be considered purely private. Id. Here, the Arkansas court's order did not place Blair in the defendant schools, but left the choice

of school up to his parents, and there is no allegation of any state regulation of defendants. The Court concludes that under these circumstances, state action cannot be imputed to any of the defendants. Cf. id. (fact that state police removed an allegedly disruptive individual in response to call for assistance from defendant did not render defendant a state actor for purposes of § 1983 liability). This ruling renders moot defendants' motion for an order compelling Arkansas officials to provide affidavits concerning the details of Blair's sentencing.

The Court also concludes that Blair has failed to state a claim under 42 U.S.C. § 1985(3), because he is not a member of a class protected by that statutory provision. See Larson v. Miller, 55 F.3d 1343, 1352 (8th Cir.1995) (§ 1985(3)'s protection against civil conspiracies motivated by invidiously discriminatory animus extends beyond racial classes to the handicapped, females and "other suspect-like classes"). Accordingly, Blair's claims under 42 U.S.C. § 1983 and 1985(3) will be dismissed for failure to state a claim.

These conclusions do not deprive the Court of subject matter jurisdiction over the remaining state law claims. Blair asserts diversity of citizenship, as well as damages in access of the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332. Furthermore, at this state of the proceedings, the Court is reluctant to conclude that plaintiff cannot state a claim under FLSA. See Tony & Susan Alamo Found. v. Secretary of Labor, 471 U.S. 290, 298-99 (1985) (commercial activities of religious foundation were within the definition of "enterprise" under FLSA despite contention that the businesses ministered to the needs of the workers by providing them with rehabilitation, food, and shelter, and were infused with a religious purpose); Reich v. Shiloh True Light Church of Christ, 85 F.3d 616, 1996 WL 228802, at *3 (4th Cir. 1996) (unpublished per curiam) (church youth under the age of 16 who did construction work as participants in the church's vocational training program were

"employees" under FLSA). Defendants' motions to dismiss the action for lack of subject matter jurisdiction will be denied.

### Motions to Dismiss and to Quash Service of Process for Lack of Personal Jurisdiction

There are two motions to dismiss and quash service of process for lack of personal jurisdiction before the Court -- a joint motion filed by defendants Kennedy, Parish, and Betty Sue Wills, and a separate motion filed by Palm Lane Baptist Church, Inc. The individual defendants assert that they are citizens of Florida and have had no contacts with Blair in Missouri. Parish has submitted an affidavit stating that he is an employee of Palm Lane Baptist Church, Inc., and a staff member at the school in Florida. He states that he never traveled to Missouri "for the purpose of conducting business." Kennedy has also submitted a similar affidavit. He attests that his only contact with Blair was in Florida. Palm Lane Baptist Church, Inc., asserts that it is a not-for-profit Florida corporation with no contacts in Missouri.

In response to the motions to dismiss, Blair has submitted evidence which establishes that staff members, including Kennedy and Parish, are regularly transferred from school to school, and that both schools are closely interrelated in ownership and operation. He has also submitted evidence establishing that Palm Lane Baptist Church, Inc., and Betty Sue Wills are involved in the operation of the school in Missouri.

When personal jurisdiction is challenged, the plaintiff has the burden to show that jurisdiction exists. Burlington Indus., Inc. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir.1996). Nevertheless, to defeat a motion to dismiss for lack of personal jurisdiction before trial or an evidentiary hearing on the jurisdictional issue, the plaintiff need only make a prima facie showing of jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). Furthermore, if the

Court relies on affidavits and other evidence to rule on the motion, the Court must look at the facts in the light most favorable to the plaintiff as the nonmoving party. Id.

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state and by the due process clause of the Fourteenth Amendment. Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002); see also Aviles v. Kunkle, 978 F.2d 201, 204 (5th Cir.1992) (per curiam) (same standard applies to a claim under FLSA). Missouri's long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process; therefore, the two requirements merge into the single question of whether the exercise of personal jurisdiction comports with due process. Porter, 293 F.3d at 1075.

Due process requires "minimum contacts" between the non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction -- general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that defendant may be subject to suit there for causes of action entirely distinct from the in-state activities; specific jurisdiction exists when the defendant "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoted cases omitted); Burlington Indus., Inc., 97 F.3d at 1103 ("specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose").

7

Upon review of the record, the Court first concludes that Blair has established a prima facie case of this Court's specific personal jurisdiction over defendants Betty Sue Wills's and Palm Lane Baptist Church, Inc. The record indicates that these two defendants own and/or operate both schools, the one in Missouri as well as the one in Florida. Thus their contacts with Missouri are directly related to this action. The Court notes that jurisdiction over Betty Sue Wills is not based solely on status in Palm Lane Baptist Church, Inc., but rather upon her alleged direct personal involvement in decisions which were causally related to Blair's alleged injuries.

With respect to defendants Kennedy and Parish, the issues are more complicated. Blair has not established a prima facie case of the Court's general jurisdiction over these defendants based on their contacts with Missouri -- spending limited amounts of time as staff members at the school in Missouri. Furthermore, these two defendants have established that their contacts with Missouri are not directly related to Blair's claims against them for battery and false imprisonment. Specific jurisdiction over these defendants thus does not appear to exist.

As noted above, however, Blair seeks to represent all students at the schools and seeks injunctive relief on behalf of the class. Blair's evidence indicates that staff members routinely transfer between the two schools. If the class Blair seeks to represent is certified with Blair as the class representative, injunctive relief against Kennedy and Parish might well be appropriate based on Blair's allegations that they directly engaged in physical and emotional abuse of putative class members. The Court believes the best course of action is to reserve ruling on Kennedy and Parish's motion to dismiss for lack of personal jurisdiction until the class certification matters are resolved. Lastly, the Court notes that although these two motions state in their title that they are also motions to quash service of process under Federal Rule of Civil Procedure 12(b)(3), no grounds or arguments are set

8

forth for dismissing the moving defendants for improper venue. Accordingly, this aspect of the motions will also be denied.

### Request for Class Certification

Blair's individual claim for injunctive relief is now moot, as he is no longer at either of the schools and defendants have represented that he will not be accepted back as a student. The Court concludes that he, nevertheless, has standing to pursue the issue of certification of the class of students who are or may be subjected to the challenged practices. In Sosna v. Iowa, 419 U.S. 393 (1975), the Supreme Court recognized that

> there may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

Sosna, 419 U.S. at n. 11.

The present case presents just such a situation in which it may realistically be very difficult for a plaintiff to keep an injunctive claim alive long enough to seek lasting relief on behalf of others. As explained in United States Parole Commission v. Geraghty, 445 U.S. 388 (1990), the mootness doctrine, especially in the context of putative class suits, is flexible and not a "legal concept with a fixed content or susceptible of scientific verification." Id. at 401 (action brought on behalf of class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied; if the named plaintiff's appeal results in reversal of the class certification denial, and a class subsequently is properly certified, the named plaintiff may adjudicate the merits of the class claim).

9

Blair will, accordingly, be allowed to pursue class certification and representation. See Candy H., 563 F. Supp. at 518 (in action by girls challenging treatment at a school, named plaintiffs permitted to pursue class certification even though their claims for injunctive relief became moot after they filed the complaint). A separate order shall be issued on this date on these matters.

Motion for a Temporary Restraining Order and a Preliminary Injunction

Blair's request for a temporary restraining order and a preliminary injunction enjoining defendants from searching for him and forcing him to return to one of their schools is moot in light of their representations that they would not accept him back as a student. Blair's request for injunctive relief on behalf of other members of the putative class must await further proceedings on class certification in accordance with this Court's Order to be issued on this date on matters relating to class certification.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint Susanne Blicharz as next friend is **DENIED as moot** as plaintiff has now reached the age of majority. [Doc. 25]

**IT IS FURTHER ORDERED** that defendants' motion for reconsideration of the order admitting Oscar Stilley pro hac vice is **DENIED**. [Doc. 26]

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for want of subject matter jurisdiction is **DENIED**. [Doc. 9]

**IT IS FURTHER ORDERED** that defendant Missouri Association of Christian Child Care Agencies, Inc.'s motion for summary judgment is **GRANTED**, upon plaintiff's representation that he does not oppose the granting of this motion. [Doc. 20]

**IT IS FURTHER ORDERED** that the motions of defendant Betty Sue Wills and Palm Lane Baptist Church, Inc., to dismiss for want of personal jurisdiction and to quash service of process are **DENIED**. [Doc. 19; Doc. 19 remains pending as to defendants Drew Parish and Robert Kennedy].

**IT IS FURTHER ORDERED** that defendants' supplemental motion to dismiss for want of subject matter jurisdiction is **DENIED**. [Doc. 27]

**IT IS FURTHER ORDERED** that defendants' motions to dismiss for want of subject matter jurisdiction, construed as motions to dismiss for failure to state a claim, are **GRANTED** with respect to plaintiff's claims under 42 U.S.C. § 1983 and 1985(3). [Docs. 19 and 27]

**IT IS FURTHER ORDERED** that defendants' motion for affidavits is **DENIED**. [Doc. 23]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _2nd_ day of December, 2002.

UNITED STATES DISTRICT COURT
EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 12/03/02 by cgould
               1:02cv88    Blair vs Wills

42:1983 Civil Rights Act

| | |
|---|---|
| John Oliver - 3999 | Fax: 573-334-6375 |
| Oscar Stilley - | Fax: 479-996-3409 |

SCANNED & FAXED BY:

DEC 0 3 2002

CSG