IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | |
|---|---|
| JORDAN BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:  1:02CV00088CAS |
| | ) |
| BOB WILLS, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' TRIAL BRIEF

### Introduction

Plaintiff, Jordan Blair ("Blair"), has two outstanding claims: a single claim of common law battery against Defendant Bo Gerhardt, and a claim that all of the Defendants violated the Fair Labor Standards Act because they failed to pay Blair for the chores he performed while he was enrolled at Mountain Park Baptist Boarding Academy ("Mountain Park") and Palm Lane Baptist Boarding Academy ("Palm Lane").

Blair asserts a common law claim of battery against Defendant Bo Gerhardt, an employee of Mountain Park Baptist Church and Boarding Academy ("Mountain Park").  The battery allegedly occurred in the bathroom area of the boys' dormitory at Mountain Park on the evening of October 24, 2001.  At the time of the alleged battery, Blair, then 16 years old, was enrolled by his parents as a student at Mountain Park.  Blair's parents enrolled him at Mountain Park to satisfy a condition of probation arising from an adjudication of delinquency by an Arkansas juvenile court.

Blair also alleges that Mountain Park and Palm Lane made him perform chores that rendered him an employee under the Fair Labor Standards Act ("FLSA").  However, as a matter

of law, the chores he performed, and the enterprise of Mountain Park and Palm Lane, do not fall within the scope of "employment" as defined by the FLSA.  Mowing lawns, "weed-eating," clearing brush and house work all on the campus and for the benefit of the campus are not employment, and Blair's FLSA violation claim must fail.  The evidence at trial will show that Blair engaged in these chores between 15 and 20 hours per week as part of each student's daily routine, which also included school, prayer, meals and other activities.  Even if Blair could prove that he was an employee under the FLSA, his damages would only be about $4,120.00, plus a reasonable attorney's fee.

## Background

Mountain Park is an independent Baptist church established by Defendants Pastor Bob Wills and his wife, Betty Wills, in 1987.  The ministry of Mountain Park was and is to minister to teens through a boarding academy.  In 1993, Defendant Pastor Sam Gerhardt and his wife, Deborah Gerhardt, joined Pastor and Mrs. Wills in the ministry.  In 1997, the Wills established Palm Lane in Arcadia, Florida, which also ministers to teens through a boarding academy.  Bo Gerhardt is the son of Sam and Deborah Gerhardt.  Bo and his wife, Julie, were both employees of Mountain Park in 2001, and they are both named as Defendants.  Defendants Robert O'Briant, Drew Parrish and Robert Kennedy were also employees of Mountain Park and Palm Lane in 2001 and 2002.

Blair was born to Ron and Jannett Blair on November 17, 1984.  As of October 2001, Blair was 16 years old.  In October 24, 2001, Blair was adjudicated a juvenile delinquent by the juvenile court of Crawford County, Arkansas.  At his parents' request, the Court ordered that Blair be placed on probation for one year and, as a condition of probation, that he complete 12 months at a Baptist boys academy in Missouri or a like facility.  The Court did not specify an

2

academy.  Rather, it was Mr. and Mrs. Blair who were to decide how their son would complete the probation.  By the time of the adjudication, Mr. and Mrs. Blair had already decided to enroll Blair at Mountain Park

On the evening of October 24, 2001, Blair arrived at Mountain Park.  At approximately 9:30 p.m., Blair claims that he was in the bathroom of the boys' dormitory with Defendant Bo Gerhardt, when Bo allegedly shoved him into a counter where the sinks were located.  Blair did not suffer any injury from the event.  He did not report the incident at the time and he did not seek medical attention.  He has not claimed any permanent injury in connection with the alleged incident.  He has no evidence of damages whatsoever.  Bo Gerhardt has denied and continues to deny Blair's claim.  There are no other witnesses to testify about the alleged incident.

Students at Mountain Park and Palm Lane undertake an educational curriculum offered by Accelerated Christian Education.  Students also spend about 15 to 20 hours per average week performing various chores on the campuses of Mountain Park and Palm Lane, including doing their laundry, cleaning their dormitory, mowing and "weed-eating" lawns, clearing brush, painting and automobile washing and maintenance.  The chores are important for the students to learn how to work as a team, and they help students develop a sense of responsibility, accomplishment, pride and confidence.

During his 17 days at Mountain Park and during his four-month enrollment at Palm Lane, Blair performed various chores, including laundry, house cleaning, hauling firewood, taking out the trash, performing maintenance on and washing automobiles, and maintenance around the campus buildings.

## CLAIMS AND ISSUES

### A.    Common Law Battery

Blair asserts a claim of common law battery against Bo Gerhardt arising from an alleged single incident.  Blair has no other battery claims against the Defendants.  A battery is the **willful** touching of the person of another.  *Armoneit v. Ezell*, 59 S.W.3d 628, 632 (Mo.App. E.D. 2001). To commit an intentional tort, a person must intend the act and the resulting harm.  *State ex rel. Ashcroft v. Kansas City Firefighters Local No. 42*, 672 S.W.2d 99, 112 (Mo.App. 1984).

In this case, Bo Gerhardt will testify that the alleged battery never occurred.  It will be undisputed at trial that Blair suffered no injury from the alleged incident and that he has no damages.  There are no other witnesses to testify regarding the alleged incident, and Blair has not identified any witnesses to testify about damages.

### B.    The Fair Labor Standards Act Claim

Blair contends that all of the Defendants violated the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* because they failed to pay him any money for the chores he performed while he was a student at Mountain Park and Palm Lane.

The FLSA provides, in part:

> 206(a) Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages . . . .;

> 203(b) "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof;

> 203(d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee;

> 203(e) "employee" means any individual employed by an employer;

4

203(g) "Employ" includes to suffer or permit to work.

206(a) Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

> (1) except as otherwise provided in this section, not less than . . . . $5.15 an hour beginning September 1, 1997

216(b) Any employer who violates the provisions of Section 206 or Section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Thus, to prove a FLSA violation claim, Blair must prove that he was an employee involved in the production of goods that were moved in interstate commerce or that the chores he performed were related to an enterprise engaged in interstate commerce.  Blair must also prove that all of the Defendants are employers under the FLSA.

Whether Blair is an employee is ultimately a legal question for the Court to decide. *Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991); *Castillo v. Givens*, 704 F.2d 181, 185 (5th Cir. 1983); *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987).  As a matter of law, the Court, not the jury, must decide whether Blair was an employee under the FLSA.

In the context of students, the Court must apply the "economic reality" test to the chores that Blair performed.  *Marshall v. Regis Educ. Corp.*, 666 F.2d 1324, 1327 (10th Cir. 1981).  The "economic reality" test utilizes a totality of the circumstances of the activity approach to weigh

5

the economic benefit of the student's activities against the educational and social benefit of the activities. *Id.*; *see also Bobolin v. Board of Education*, 403 F. Supp. 1095, 1107 (D. Haw. 1975).

The facts in *Reich v. Shiloh True Light Church of Christ*, 1996 WL 228802 (4th Cir. 1996)(unpublished decision), exemplify the criteria necessary to render students in religious organizations employees. The Church's members believed that students should receive meaningful vocational training, so they set up a vocational program involving the various construction trades. *Id.* at **1. The students in the program were not paid. The vocational program held itself out to the public as a contractor and subcontractor and the students performed work at numerous job sites. The projects included construction of entire homes that the program would sell on the market for over $200,000. Other projects included installing a fireplace, constructing a car port, and laying foundations. *Id.* The Church also received "donations" for the student's work that equaled the market value of their services. *Id.* at **2. In weighing these facts, the district court found that the Church reaped a substantial financial benefit from the program, and the court concluded that the vocational program was a "commercial enterprise competing with other contractors" in the marketplace. *Id.* at **3.

In this case the evidence will show that Blair's parents viewed Mountain Park and Palm Lane as an alternative to state juvenile detention facilities and that Mountain Park and Palm Lane were expected to offer disciplined and structured environments. To reinforce the structured environment, students performed chores that are important for the students to learn how to work as a team, and they help students develop a sense of responsibility, accomplishment, pride and confidence. The chores are performed on-campus. The evidence will show that students spent

6

15 to 20 hours per average week performing the chores, and that the chores were integrated into students' daily routine along with school, prayer, meals and other activities.

The evidence will show that Mountain Park and Palm Lane do not advertise or offer laundry, cleaning, mowing services to be provided by the students.  Mountain Park and Palm Lane are not attempting to compete the marketplace of laundry or cleaning services or in connection with any of the other chores that Blair performed.  The chores are no different than what a teenaged student would do in his or her parents' home.  Finally, it must be stressed that there is no evidence that Blair was ever involved in making or moving products in interstate commerce.

Applying the economic reality test to the circumstances, the evidence does and will establish the chores Blair performed did not render him an employee under the FLSA.  Blair performed the chores as part of Mountain Park's and Palm Lane's programs to develop discipline, self-confidence and a sense of achievement.  Blair performed the chores to keep his clothes and on-campus surroundings neat and clean.  The primary purpose of the chores was educational.  The chores obviously did not relate to the goods or the movement of goods in interstate commerce.  Blair did not perform any tasks like those performed by the students in *Reich*, and Mountain Park and Palm Lane have not reaped a substantial financial gain from Blair's chores, like the substantial financial benefits reaped by the church in *Reich.*  Blair lacks the evidence necessary to demonstrate to the Court that he was an employee under the FLSA.

Blair also lacks the evidence necessary to label Defendants Drew Parrish, Robert Kennedy, Julie Gerhardt, Deborah Gerhardt, Bo Gerhardt and Robert O'Briant were employers under the FLSA.  Employers are persons with the power to hire and fire persons and who controls wages, and persons who control the day-to-day activities of the operation of a business.

7

*Chambers Constr. Co. v. Mitchell*, 233 F.2d 717, 724 (8th Cir. 1956); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991).  The evidence at trial will show that the only persons who control the day-to-day activities of Mountain Park and Palm Lane are Bob Wills and Sam Gerhardt.  Betty Sue Wills also oversees some administrative functions.  While Blair was at Mountain Park and Palm Lane, Defendants Drew Parrish, Robert Kennedy, Julie Gerhardt, Deborah Gerhardt, Bo Gerhardt and Robert O'Briant were merely employees.  The evidence will show that they did not have the power to hire, fire or control wages, and they do not control the day-to-day activities of Mountain Park and Palm Lane.  Therefore, Defendants Drew Parrish, Robert Kennedy, Julie Gerhardt, Deborah Gerhardt, Bo Gerhardt and Robert O'Briant cannot, as a matter of law, be employers under the FLSA.

Even assuming that Blair was an employee of Defendants, his damages would be limited to twice the minimum wage for the hours he spent doing chores.  Blair was at Mountain Park and Palm Lane for 20 weeks, 20 hours per week at the statutory rate of $5.15 per hour.  This totals $2,060.00 multiplied by 2 for **total damages of $4,120.00**.

Respectfully submitted,

OLIVER, OLIVER & WALTZ, P.C.

/s/ John L. Oliver, Jr.
John L. Oliver, Jr. - #3999
400 Broadway
Cape Girardeau, Missouri 63702
573-335-8278
573-334-6375 – FAX

**Attorneys for Defendants**

BROWN & JAMES, P.C.

/s/ John D. Briggs

8

John D. Briggs  - #86025
Steven H. Schwartz - #4316
1010 Market St., 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 - FAX

**Attorneys for Defendants Bob Wills, Betty Sue
Wills, Sam Gerhardt, Deborah Gerhardt, Bo
Gerhardt, Julie Gerhardt and Robert O'Briant**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 23, 2004, the foregoing was filed electronically with the
Clerk of Court to be served by operation of the Court's electronic filing system upon the
following:  Mr. Oscar Stilley, Attorney for Plaintiff, Central Mall Plaza, Suite 520, 5111 Rogers
Avenue, Fort Smith, Arkansas  72903-2041.

/s/ Jonn D. Briggs_____

9