# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2434
_____

| | | |
|---|---|---|
| Jordan Blair, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| Bob Wills, also known as W. B. Wills, | * | Eastern District of Missouri. |
| also known as Bobby Ray Wills; | * | |
| Betty Sue Wills; Sam Gerhardt; | * | |
| Deborah Gerhardt; Bo Gerhardt; | * | |
| Julie Gerhardt; Drew Parrish; Robert | * | |
| O'Brient; Robert Kennedy, doing | * | |
| business as Mountain Park Boarding | * | |
| Academy; Palm Lane Baptist | * | |
| Church, Inc., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

No. 04-2539
_____

| | | |
|---|---|---|
| Jordan Blair, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Bob Wills, also known as W. B. Wills, | * | |
| also known as Bobby Ray Wills; | * | |

| | |
|---|---|
| Betty Sue Wills; Sam Gerhardt; Deborah Gerhardt, | * * * |
| Defendants - Appellants, | * * |
| Bo Gerhardt, | * * |
| Defendant, | * * |
| Julie Gerhardt; Drew Parrish; Bill Cavitt; Robert O'Brient; Aaron Smith; Robert Kennedy; Mike Pardos, doing business as Mountain Park Boarding Academy; Palm Lane Baptist Church, Inc., | * * * * * * * |
| Defendants - Appellants. | * |

———

No. 04-2540

———

| | |
|---|---|
| Jordan Blair, | * * |
| Plaintiff - Appellee, | * * |
| v. | * * |
| Bob Wills, also known as W. B. Wills, also known as Bobby Ray Wills; Betty Sue Wills; Sam Gerhardt; Deborah Gerhardt, | * * * * * |
| Defendants, | * * |
| Bo Gerhardt, | * |

-2-

|  |  |
|---|---|
| Defendant - Appellant, | *<br>*<br>* |
| Julie Gerhardt; Drew Parrish; Robert O'Brient; Robert Kennedy, doing business as Mountain Park Boarding Academy; Palm Lane Baptist Church, Inc., | *<br>*<br>*<br>*<br>*<br>* |
| Defendants. | *<br>* |

Submitted:  March 15, 2005
Filed: August 25, 2005

Before ARNOLD, BOWMAN, and RILEY, Circuit Judges.

BOWMAN, Circuit Judge.

Jordan Blair sued the Appellees, alleging that they violated various federal and state laws while Blair was a student at boarding schools in Missouri and Florida. Prior to trial, the District Court granted the Appellees' motion to dismiss Blair's claim under 42 U.S.C. § 1983 (2000) and the Appellees' motion for summary judgment on Blair's state-law claim of false imprisonment. The District Court also granted summary judgment on Blair's state-law battery claim with respect to all Appellees except for Bo Gerhardt. During trial, the District Court granted the Appellees' motion for judgment as a matter of law on Blair's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (2000). Blair's battery claim against Bo Gerhardt was submitted to the jury, which returned a verdict against Gerhardt and awarded Blair $20,000 in damages. The District Court denied Gerhardt's motion for a new trial. Blair appeals the District Court's adverse rulings as to his claims, and we affirm. Bo Gerhardt cross-appeals the District Court's denial of his motion for a new trial. We

-3-

reverse the District Court's judgment with respect to Gerhardt's motion and remand for a new trial.

I.

In October 2001, Blair, who was sixteen years old at the time, was arrested in Crawford County, Arkansas, and charged with terroristic threatening and criminal mischief. Blair's parents asked the Juvenile Division of the Circuit Court of Crawford County, Arkansas (Juvenile Court), to place Blair on probation and order him to complete a residential term at a Baptist boarding academy in lieu of sentencing him to a term of confinement at a juvenile detention facility. At Blair's juvenile adjudication hearing, the Juvenile Court ordered that Blair be placed on probation and that, as a term of his probation, Blair complete "in-patient/residential treatment at Baptist Boys Academy in Missouri (or like facility)." Joint. App. at 250 (Order of Juvenile Court dated October 24, 2001).

Blair's parents had previously submitted an application for Blair's enrollment at Mountain Park Boarding Academy in Missouri (Mountain Park) and had executed a power of attorney delegating parental authority to school administrators. School administrators recommended that Blair be transferred to Mountain Park's sister school, Palm Lane Academy in Florida (Palm Lane), after a brief stay at Mountain Park, and Blair's parents agreed. Pursuant to his parents' wishes, Blair was transported to Mountain Park immediately after the adjudication hearing and remained at the school from October 24, 2001, until November 9, 2001, at which time he was transferred to Palm Lane. He resided at Palm Lane until he left without permission on March 15, 2002.

Mountain Park and Palm Lane are Baptist boarding schools offering students an "Accelerated Christian Education" curriculum. In conjunction with this curriculum, students attending the schools are required to perform various chores,

including laundry, cleaning, lawn-mowing, brush-clearing, painting, general maintenance, and other tasks. School administrators testified that performing the various chores is an integral part of the learning environment at Mountain Park and Palm Lane and is intended to instill in each student a sense of teamwork, responsibility, accomplishment, and pride.

Blair alleges that, pursuant to the Appellees' policies, he was physically and psychologically abused while residing at Mountain Park and Palm Lane. Among other allegations, he maintains that the Appellees denied him reasonable bathroom privileges; forced him to remain on school premises; assaulted him; subjected him to systematic sleep deprivation; required him to attend religious services; and forced him to work without pay in Appellees' for-profit businesses. This alleged mistreatment forms the basis of Blair's various claims.

II.

Blair first argues that the District Court erred in dismissing his § 1983 claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. As a preliminary matter, we note that although the District Court described its ruling as a dismissal under Rule 12(b)(6), it appears that the Appellees offered affidavits and other documents outside the pleadings in support of their motion and that the District Court considered these submissions in making its ruling. Because the court considered matters outside the pleadings, the Rule 12(b)(6) motion to dismiss is treated as a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(b). In such a case, notice to the nonmoving party —whether actual or constructive— is typically required. See Angel v. Williams, 12 F.3d 786, 788 (8th Cir. 1993) (noting that Rule 12(b) "does not require the court to give affirmative notice to the parties of its intent to consider matters outside the complaint"; constructive notice is sufficient when plaintiff has adequate time to respond). In the circumstances of this case, any lack of formal notice by the District

Court that it would treat the motion filed by the Appellees as a motion for summary judgment rather than a motion to dismiss was harmless. The Appellees filed their motion to dismiss on July 19, 2002. Blair filed his response on August 7, 2002. The District Court granted Blair leave to amend his complaint on August 29, 2002—well after the Appellees submitted their facts. The court did not rule on the Appellees' motion until December 2, 2002, over three months after Blair filed his First Amended Complaint. Blair had ample opportunity to respond to the Appellees' motion, and there has been no showing that material facts were disputed or missing from the record. See Madewell v. Downs, 68 F.3d 1030, 1048 (8th Cir. 1995) (stating lack of formal notice is harmless if the nonmoving party had an adequate opportunity to respond to the motion, and material facts were neither disputed nor missing from the record); Davis v. Johnson Controls, Inc., 21 F.3d 866, 867 (8th Cir.) (same), cert. denied, 513 U.S. 964 (1994).

Having determined that the District Court's Rule 12(b)(6) dismissal should be treated as a Rule 56 grant of summary judgment, we must determine whether it was properly granted. We review de novo the District Court's grant of summary judgment. Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (quoting Fed. R. Civ. P. 56(c)). We view the evidence and the inferences that may reasonably be drawn therefrom in the light most favorable to the nonmoving party. Id.

To proceed on his § 1983 claim, Blair was required to establish that the Appellees deprived him of his constitutional rights while acting "under color of state law." See Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council, 271 F.3d 769, 777–78 (8th Cir. 2001) (noting that conduct of private party may be attributed to state where state has "situated itself in a position of interdependence with" private party). Blair attempts to satisfy this requirement by arguing that, because the Juvenile Court ordered him to attend Mountain Park, state action may be imputed to the

school. The District Court found this argument unavailing and so do we. At the request of Blair's parents, the Juvenile Court ordered that Blair complete treatment at "Baptist Boys Academy in Missouri (*or like facility*)." Joint App. at 250 (Order of Juvenile Court dated October 24, 2001) (emphasis added). Contrary to Blair's assertions, the Juvenile Court did not place Blair at Mountain Park or Palm Lane. Rather, the choice of boarding school was left to Blair's parents, who completed an application for Blair's admission at Mountain Park, consented to Blair's transfer to Palm Lane, and signed a power of attorney delegating authority over Blair to school administrators. Blair did not establish that Mountain Park or Palm Lane received state-provided funds or accepted referrals or placements directly from state courts. Because Blair presented no evidence that the Appellees were acting under color of state law, the District Court did not err in granting the Appellees' motion for summary judgment on Blair's § 1983 claim.

### III.

Blair next argues that the District Court erred in granting the Appellees' motion for summary judgment on his state-law claim of false imprisonment. As noted above, we review de novo the District Court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. We affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Shanklin, 397 F.3d at 602.

Missouri state law governs the substance of Blair's false imprisonment claim. Dairy Farmers of Am., Inc. v. Travelers Ins. Co., 292 F.3d 567, 572 (8th Cir. 2002) (noting that when jurisdiction over an issue is based on diversity, court applies substantive law of the forum state). To proceed on his false imprisonment claim, Blair was required to show that he was confined without his consent and without legal justification. Mo. Rev. Stat. § 565.130 (2000); Rankin v. Venator Group Retail, Inc., 93 S.W.3d 814, 819 (Mo. Ct. App. 2002); Hyatt v. Trans World Airlines, Inc.,

943 S.W.2d 292, 299 (Mo. Ct. App. 1997). In determining whether a minor has consented to a confinement, we may consider whether the minor's parents have consented on his behalf because parents exercise authority over the custody, care, and management of their children, Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997); Mo. Rev. Stat. § 475.025 (2000), and may delegate that authority on behalf of their minor children, Mo. Rev. Stat. § 431.061 (2000) (allowing parents to give consent for medical treatment on behalf of minor children); Mo. Rev. Stat. § 631.105 (2000) (authorizing parents to enroll or commit children to treatment facilities).

According to Blair, the Appellees detained him at Mountain Park and Palm Lane without his consent and without legal justification. Blair contends that his parents' consent to enroll him at Mountain Park and Palm Lane was not informed and was therefore invalid. Consequently, Blair concludes, he was falsely imprisoned by the Appellees. We disagree.

Blair was sixteen years old and a minor when his parents enrolled him at Mountain Park. Blair's parents completed an application for his enrollment at Mountain Park; they understood that Blair would be transferred to Palm Lane; and they signed a power of attorney conveying parental authority to school administrators. See Joint. App. at 321–22 (Jannett Blair Decl.); id. at 323–24 (Ron Blair Decl.). Although Missouri courts have not addressed specifically whether a private school may be liable for false imprisonment when a custodial parent consents to the child's enrollment and attendance at the school, we conclude that, in the circumstances of this case, the Missouri courts would agree that Blair cannot maintain an action for false imprisonment. Parents have a recognized liberty interest in the care, custody, and management of their children, Swipies v. Kofka, 348 F.3d 701, 703 (8th Cir. 2003), and have the right to direct the upbringing and education of their children, Doe "A" v. Special School Dist. of St. Louis County, 637 F. Supp. 1138, 1146 (E.D. Mo. 1986); Reece v. Reece, 890 S.W.2d 706, 710 (Mo. Ct. App. 1995) (acknowledging that parent may arrange for another to provide care and education for minor child).

Blair's parents consented to his enrollment at Mountain Park and Palm Lane with full knowledge of the schools' programs and restrictions, and thus their consent was informed.  See Appellees' Supp. App. at 122, Aff. of Ronald G. Blair ¶¶ 8, 16 (confirming that Blair's parents "fully understood and agreed with and to the religious, moral, and educational principals" of the schools and recognizing that enrollment was an "alternative to juvenile detention").  The District Court did not err in finding that the Appellees were entitled to summary judgment on Blair's false-imprisonment claim.

IV.

Finally, Blair argues that the District Court erred in granting the Appellees' motion for judgment as a matter of law on his FLSA claim.  Blair alleges that while he was enrolled at Mountain Park and Palm Lane, the Appellees forced him to work without pay in violation of the FLSA.  We review a grant of judgment as a matter of law de novo, drawing all reasonable inferences in favor of the nonmoving party. Walsh v. Nat'l Computer Sys., Inc., 332 F.3d 1150, 1158 (8th Cir. 2003).  Judgment as a matter of law is proper when "there is no legally sufficient evidentiary basis for a reasonable jury" to find in favor of the nonmoving party.  Fed. R. Civ. P. 50(a); see Walsh, 332 F.3d at 1158.

Under the FLSA, an employer must pay a minimum wage to its employees who work in covered activities.  See 29 U.S.C. § 206 (2000).  The Supreme Court has defined "work" to include "physical or mental exertion . . . controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944) (footnote omitted).  In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement.  See Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961) (explaining that "'economic reality' rather than 'technical concepts' is . . . the test of

employment" under the statute). In this case, Blair's activities at the schools were not "work," and the Appellees were not "employers," as contemplated under the FLSA. School administrators testified that chores were an integral part of the educational curriculum at Mountain Park and Palm Lane, and those chores were primarily for the students', not the Appellees', benefit. Administrators further testified that the chores were intended to instill in each student a sense of teamwork, responsibility, accomplishment, and pride. Although having students perform chores helped defray certain costs that the Appellees would have incurred had they hired employees to perform those tasks, looking at the totality of the economic circumstances, there is no evidence on which a reasonable jury could conclude that Blair's activities constituted employment under the FLSA. The District Court did not err in granting the Appellees' motion for judgment as a matter of law on Blair's FLSA claim.

V.

Bo Gerhardt argues that the District Court abused its discretion in refusing to grant his motion for a new trial. Gerhardt contends that Blair's attorney repeatedly introduced irrelevant and prejudicial matters into the proceedings and that this misconduct was so severe that he is entitled to a new trial. "[I]mproper questioning by counsel generally entitles the aggrieved party to a new trial if it conveys improper information to the jury and prejudices the opposing litigant." Silbergleit v. First Interstate Bank of Fargo, 37 F.3d 394, 398 (8th Cir. 1994) (citing Sanders-El v. Wencewicz, 987 F.2d 483, 484 (8th Cir. 1993)). When counsel repeatedly attempts to use irrelevant and prejudicial evidence, the possibility of improper influence is increased. Id. Counsel's misconduct may be such that a district court cannot overcome its prejudicial effect by admonishing the jury or rebuking counsel; in such case a court should grant a new trial. Id. The District Court has broad discretion in deciding whether questioning by counsel is so prejudicial that a new trial is warranted, id., and we review this determination for abuse of discretion only, Marvin Lumber & Cedar Co. v. PPG Indus., 401 F.3d 901, 917 (8th Cir. 2005).

Prior to trial, the Appellees filed a motion in limine with the District Court seeking to exclude evidence they argued was irrelevant to Blair's FLSA and battery claims. The District Court granted the motion insofar as it agreed with the Appellees that the evidence was irrelevant to Blair's remaining claims. See Transcript Vol. I at 13–44 (excluding evidence of, inter alia, a conspiracy by Appellees' to deprive Blair of his constitutional rights, false imprisonment, cruel and unusual punishment, deprivation of medicine and educational materials, and denial of bathroom privileges and sleep). Nevertheless, by our count, the Appellees properly objected in open court to questioning by Blair's counsel on eighteen occasions during the first day and on thirty-four occasions during the second day of a two-and-a-half-day trial. Among other objectionable questions, Blair's counsel asked witnesses whether the school prohibited students from having the King James version of the Bible; whether students were required to attend religious services; whether Blair was denied access to an attorney; whether the school had a racial nondiscrimination policy; whether students were confined; and whether students were forced to eat rotten or spoiled food. The District Court sustained an objection after each of these questions, but did not strike the offending question or immediately instruct the jury to disregard the irrelevant information. Although the District Court repeatedly reminded Blair's counsel to focus on the claims remaining in the case—the FLSA and battery claims—and to refrain from injecting irrelevant and prejudicial evidence into the proceeding, these admonitions were unsuccessful. Unfortunately, the ongoing introduction of irrelevant information, the repeated objections by Appellees, and the frequent warnings and admonitions by the District Court likely gave jurors the impression that something more happened than they were being told. When the case is a close one, the possibility that improper conduct could have influenced the jury's verdict is increased. Silbergleit, 37 F.3d 398. The fact that the jury awarded Blair $20,000 on relatively weak evidence of battery supports our conclusion that Gerhardt was prejudiced by the misconduct of Blair's counsel.

The line of questions posed by Blair's counsel over the course of the two-and-a-half-day trial emphasized irrelevant information having no bearing on the issues remaining in the case and demonstrated a persistent effort by Blair's counsel to get this information before the jury, despite repeated admonitions by the District Court. Although the District Court made a valiant attempt to rein in Blair's attorney, the improper and prejudicial questioning continued. We believe that the combined effect of these questions was to present to the jury an abundance of irrelevant evidence that had no bearing on the merits of the remaining claims and served only to prejudice the jury against Gerhardt. Consequently, we conclude that the District Court abused its discretion by denying Gerhardt's motion for a new trial on Blair's battery claim.

## VI.

In conclusion, we affirm the District Court's dismissal of Blair's § 1983, false imprisonment, and FLSA claims. We reverse the District Court's denial of Gerhardt's motion for a new trial and remand the case for further proceedings on Blair's battery claim.

_____