UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JORDAN BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:02-CV-88 CAS |
| | ) |
| BOB WILLS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Bo Gerhardt's motion to dismiss for lack of subject matter jurisdiction. Plaintiff filed a response requesting that the Court dismiss the remaining battery claim without prejudice or grant plaintiff additional time to respond to the motion to dismiss in the event the Court did not dismiss his claim without prejudice. For the following reasons, the Court will deny Gerhardt's motion to dismiss for lack of subject matter jurisdiction, but will decline to exercise supplemental jurisdiction over the remaining claim and will dismiss the case without prejudice.

**Background**

Plaintiff Jordan Blair filed this case against defendants alleging violation of his constitutional rights under 42 U.S.C. §§ 1983, and 1985, and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Blair also alleged state law tort claims of battery and false imprisonment. The Court dismissed the constitutional claims under 42 U.S.C. §§ 1983 and 1985, and granted defendant's motion for summary judgment on plaintiff's false imprisonment claim. At trial, the Court entered a directed verdict in favor of defendants on plaintiff's FLSA claims. The jury returned a verdict in favor of plaintiff on his battery claim against defendant Bo Gerhardt. On appeal, the Eighth Circuit overturned the jury's verdict and granted defendant Bo Gerhardt a new trial. A re-trial on

plaintiff's state law battery claim is set for April 17, 2006. Defendant Bo Gerhardt filed a motion to dismiss for lack of subject matter jurisdiction, which asserts that (1) there is an insufficient amount in controversy for diversity jurisdiction and (2) the Court cannot exercise supplemental jurisdiction over plaintiff's battery claim because it does not "arise from a common nucleus of operative facts" as to plaintiff's federal claims. In the alternative, defendant asserts that the Court has discretion to dismiss the case under 28 U.S.C. § 1367(c) because all of the federal claims have been dismissed. In response, plaintiff states that he will consent to a dismissal without prejudice, if the Court does not award costs to the defendants.

**Standard**

The diversity jurisdiction created by 28 U.S.C. § 1332 is to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). The burden of proof to prove subject matter jurisdiction is on the plaintiff where the case was filed directly in federal court. Because jurisdiction is a threshold issue, a district court may look outside the pleadings to determine whether subject matter jurisdiction exists. Green Acres Enters., Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005). A court may not proceed at all in a case unless it has jurisdiction. Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction exists over state-law claims where the federal and state claims in the case

"derive from a common nucleus of operative fact' and are 'such that [the party] would ordinarily be expected to try them all in one judicial proceeding. Southern Council of Industrial Workers v. Ford, 83 F.3d 966, 969 (8th Cir.1996) (citing Kansas Public Employees Retirement Sys. v. Reimer & Koger, Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir. 1996) (quotation omitted).

**Discussion**

Plaintiff filed this action in federal court asserting federal and state law claims. The Court exercised supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367(a). After motions to dismiss, summary judgment motions, a directed verdict at trial, and the appeal, plaintiff's state law claim of battery against Bo Gerhardt is the sole remaining claim.

The Court does not reach the issue whether supplemental jurisdiction is properly exercised in this case, because in its discretion the Court will decline to continue to exercise supplemental jurisdiction over the remaining state law claim. See 28 U.S.C. §1367(c)(3); Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (district courts may decline jurisdiction over state claims as a matter of discretion). When state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law, as a matter of comity. American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (quoting Birchem v. Knights of Columbus, 116 F.3d 310, 314 (8th Cir. 1997)). "[F]ederal courts should exercise judicial restraint and avoid state law issues wherever possible." Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000) (internal citation and quotation omitted) (approving district court's decision to decline to exercise supplemental jurisdiction over state-law tort claims after it granted summary judgment on the federal claims).

There is no reason for the Court to retain jurisdiction over this claim and both defendant and plaintiff consent to the dismissal of this action without prejudice. Therefore, the Court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim and will dismiss the same without prejudice. The Court will not award costs.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bo Gerhardt's motion for leave to file a motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. [Doc. 192]

**IT IS FURTHER ORDERED** that defendant Bo Gerhardt's motion to dismiss for lack of subject matter jurisdiction is **DENIED**. [Doc. 193]

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law battery claim against Bo Gerhardt, <u>see</u> 28 U.S.C. § 1367(c)(3), and the same is **DISMISSED without prejudice**.

An appropriate order of dismissal will accompany this memorandum and order.

                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this <u>23rd</u> day of March, 2006.